## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Robert Stanley Winburn,

                Petitioner,      Case No. 20-13045

v.                              Judith E. Levy
                              United States District Judge

Noah Nagy,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING PENDING MOTIONS [6, 9, 10, 11, 13, 17, 18], DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Robert Stanley Winburn filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner is incarcerated in the G. Robert Cotton Correctional Facility currently awaiting re-trial on charges of first-degree home invasion, armed robbery, and conspiracy to commit first-degree home invasion in the Washtenaw County Circuit Court. In his petition, he challenges his pending, ongoing state prosecution raising a double jeopardy claim, as well as claims concerning his relationship with standby counsel during

the prior and current proceedings.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243; *McFarland v. Scott*, 512 U.S. 849, 856 (1994). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 is appropriate when a petition raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition without consideration of a response from the State. *Allen*, 424 F.2d at 141.

After undertaking the review required by Rule 4 and considering the state court record (as referenced in the petition and submitted by

Respondent), the Court concludes that the habeas petition must be dismissed. A response from the State is unnecessary.

## I.    **Standard of Review**

Petitioner seeks habeas relief under 28 U.S.C. § 2241. Because Petitioner is a pre-trial detainee, § 2241 and its rules (not 28 U.S.C. § 2254 and its rules) apply to his case. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (citing *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012)). Habeas petitions brought pursuant to § 2241 are subject to a de novo, rather than a deferential, standard of review. *Phillips*, 668 F.3d at 810. Consequently, the Court considers Petitioner's habeas claims de novo.

## II.   **Discussion**

### A. Prior Proceedings

In his pleadings, Petitioner raises claims concerning his relationship with standby counsel during his prior state trial proceedings. To the extent that he does so, such claims must be dismissed as moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner

3

"must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). If an event occurs which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron–Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479–80 (10th Cir. 1998). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotations omitted).

In this case, any claims concerning Petitioner's relationship with standby counsel during his initial state trial proceedings are moot because that trial was halted by the grant of a mistrial. Any claims concerning Petitioner's prior criminal proceedings must therefore be dismissed.

## B. Pending, Ongoing Prosecution

Petitioner also challenges his pending, ongoing state criminal prosecution. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 489–91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Urquhart*

*v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

The Court is aware of a few exceptions to this abstention doctrine and those exceptions appear to be limited to speedy trial claims, *Braden*, *supra*, double jeopardy claims, *Delk v. Atkinson*, 665 F.3d 90, 94 (6th Cir. 1981); *Gully v. Kunzman*, 592 F.2d 283, 286–87 (6th Cir. 1979), and perhaps cases of "proven harassment or prosecution undertaken by state officials in bad faith without hope of obtaining a valid conviction...." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

In this case, to the extent that Petitioner raises claims concerning his relationship with standby or other counsel relative to his upcoming trial, such claims do not fit within one of the exceptions to the abstention doctrine, nor does he otherwise demonstrate exceptional circumstances warranting federal intervention in his pending prosecution. Should Petitioner be convicted at trial, he can pursue a direct appeal in the state courts and then seek federal habeas review as necessary. Should

Petitioner be acquitted at trial, such issues will be moot. These claims are therefore premature and must be dismissed.

Petitioner, however, also raises a double jeopardy claim challenging his ongoing prosecution and retrial, which falls within one of the exceptions to the abstention doctrine. Specifically, he alleges that there was no manifest necessity for the state trial court to grant a mistrial. His pleadings indicate that he has exhausted state court remedies as to that claim. Consequently, the Court will address the merits of his double jeopardy claim.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause, applicable to the states through the Due Process Clause of the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 787 (1969), protects against a second prosecution for the same offense after acquittal or conviction and protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause also precludes the State from making repeated attempts to convict an individual for an alleged offense, *Oregon v. Kennedy*, 456

U.S. 667, 671 (1982); *United States v. Dinitz*, 424 U.S. 600, 606 (1976), and protects a defendant's right to have his or her trial completed by a particular tribunal. *Arizona v. Washington*, 434 U.S. 497, 503–04 (1978). Jeopardy attaches in a criminal trial once the jury is impaneled and sworn. *Critz v. Bretz*, 437 U.S. 28, 38 (1978).

When a criminal proceeding is terminated prior to a resolution on the merits, however, retrial is not automatically barred. Once jeopardy attaches, prosecution of a defendant before a jury other than the original jury may proceed only if the defendant requests or consents to a mistrial or if there is a "manifest necessity" for a mistrial. *Arizona*, 434 U.S. at 505; *Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996); *see also Camp v. Berghuis*, 90 601 F. App'x 138, 141 (6th Cir. 2015) (citing *Watkins*).

"Manifest necessity" does not mean absolute necessity, but rather a "high degree" of necessity dependent upon the specific facts and circumstances of each case. *Arizona*, 434 U.S. at 506. Reviewing courts must give considerable deference to a trial court's determination that manifest necessity warrants a mistrial. *Renico v. Lett*, 559 U.S. 766, 774 (2010); *Arizona*, 434 U.S. at 510–11. Courts apply a "sliding scale of scrutiny" regarding manifest necessity: the strictest scrutiny applies

when the basis of the mistrial is judicial or prosecutorial misconduct; the greatest deference extends to mistrials declared due to a deadlocked jury. *Colvin v. Sheets*, 598 F.3d 242, 253 (6th Cir. 2010). A "reviewing court must be satisfied that the trial judge did not act irrationally or irresponsibly, but exercised 'sound discretion.'" *Ross v. Petro*, 515 F.3d 653, 661 (6th Cir. 2008) (quoting *Washington*, 434 U.S. at 514).

The manifest necessity doctrine does not require a finding that the trial court had no alternative but to declare a mistrial. *Harpster v. State of Ohio*, 128 F.3d 322, 328 (6th Cir. 1997). A trial court is not required to make an explicit finding of manifest necessity, to require the jury to deliberate for a minimum period of time, to question individual jurors, to obtain the parties' consent, to issue supplemental instructions, or to examine alternatives to declaring a mistrial. *Renico*, 559 U.S. at 775 (citing cases). The mistrial determination must just be supported by the record. *Arizona*, 434 U.S. at 516–17; *Gantley*, 172 F.3d at 429.

The deferential standard of review accorded a trial court's grant of a mistrial under *Washington* is distinct from the de novo standard of review for considering habeas petitions under § 2241. *See Donaldson v. Bova*, 553 F. App'x 554, 563 (6th Cir. 2014) (citing *Ross*, 515 F.3d at 661,

9

which concluded that a federal court analyzing a double jeopardy claim under § 2254 must "scrutinize the state court ruling through two lenses of deference": the statutory deference in § 2254 and the deference in *Washington*).

In this case, the state trial court denied Petitioner's motion to dismiss on double jeopardy grounds finding manifest necessity warranted the grant of a mistrial. The court explained in relevant part:

> Defendant contends that the court did not meet the standard of manifest necessity to declare a mistrial. Defendant ignores the myriad of reasons the court ordered a mistrial. During his in pro per opening statement, defendant rendered the possibility of a fair trial impossible.
>
> First, defendant improperly asked the jurors to step into his shoes. Second, defendant raised matters that were ordered not to be discussed with the jury. Third, defendant ignored the court's direction not to speak about alleged Brady violations by the prosecution for which no factual findings had been made. Fourth, defendant improperly vouched for the credibility of his witnesses.
>
> Fifth, defendant improperly made statements to gain sympathy from jurors. Sixth, defendant showed the jurors pictures that had not been properly admitted into evidence. Seventh, defendant exhibited erratic behavior indicating that he may not have been competent to stand trial. He became loud, argumentative, and unruly in the courtroom and refused to comport his actions to the decorum due a court of law. He

refused to follow court directions, most especially by repeatedly interrupting and talking over the prosecution, his attorney, and the court.

The court tried to continue with the trial with defendant represented by counsel. Defendant's actions, however, also made that possibility unworkable. Specifically, defendant threatened his attorney by saying, "Your life is in danger," following the first day of trial on November 26, 2018. This made his attorney feel threatened. Additionally, as is his habit during hearings, he repeatedly interrupted his attorney, the prosecutor, and the court and refused to stop.

Under the circumstances taken as a whole, the prosecution could not receive a fair trial. In other words, it was the actions of the defendant himself that forced a mistrial. The motion to dismiss for double jeopardy violation is denied.

*People v. Winburn*, No. 17-000654-FC (Washtenaw Co. Cir. Ct. July 23, 2020) (footnotes omitted). (*See* ECF No. 1, PageID.379–380.) The Michigan Court of Appeals denied leave to appeal without prejudice to Petitioner raising the issues on direct appeal. *People v. Winburn*, No. 354482 (Mich. Ct. App. Oct. 23, 2020). The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Winburn*, No. 162222, -- Mich. --, 2020 WL 6950029 (Mich. S. Ct. Nov. 25, 2020).

The state trial court's decision makes clear that the grant of a mistrial was supported by manifest necessity – and, more importantly,

11

the state court record supports the grant of the mistrial. Petitioner made improper comments during opening statements, including asking the jurors to step into his shoes and seeking their sympathy (*see* 11/26/18 Trial Tr., ECF No. 15-1, PageID.923, 925–927, 937), arguing discovery and *Brady* violations for which no factual findings had been made (*id.* at PageID.939–944, 953–54, 957–58), discussing irrelevant matters (*id.* at PageID.952–53), and improperly vouching for the credibility of his case and witnesses. (*Id.* at PageID.925–927, 930, 932). Petitioner was argumentative and refused to follow court directions by referencing improper matters and repeatedly interrupting and talking over the prosecution, his attorney, and the court. (*Id.* at 663, 940–944, 959, 962–964, 966; *see also* 11/27/18 Trial Tr., ECF No. 15-2, PageID.998, 1002–1003, 1005–1008.) Both the prosecutor and standby counsel raised concerns about Petitioner's competency. (*See* 11/26/18 Trial Tr., ECF No. 15-1, PageID.953–954; 11/27/18 Trial Tr., ECF No. 15-2, PageID.996, 998, 1001.) Petitioner also threatened standby defense counsel and attacked the trial court. (*See* 11/27/18 Trial Tr., ECF No. 15-2, PageID.995–999.) In fact, Petitioner became so disruptive that he had to be removed from the courtroom so that the trial court could issue its

ruling. (*Id.* at PageID.1009–1010.) Petitioner's own behavior thus provided sufficient reason for the trial court to grant a mistrial.

Having reviewed the record, the Court finds that the trial court's grant of a mistrial was supported by manifest necessity and did not constitute an abuse of its discretion. Habeas relief is not warranted.

## III. Conclusion

For the reasons set forth above, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court DENIES the petition for a writ of habeas corpus. Given this determination, the Court also DENIES all pending motions as moot and finds that Respondent need not file an answer to the petition.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473,

484–85 (2000). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

The Court concludes that reasonable jurists would not find its procedural ruling debatable and that Petitioner fails to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. Accordingly, the Court DENIES a certificate of appealability.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court DENIES leave to proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Dated: January 14, 2021            s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ